UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DANIEL W CARRIER ET AL** | **CASE NO.  2:21-CV-00790** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **Q B E SPECIALTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is QBE Specialty Insurance Company's ("QBE") "Motion for Partial Summary Judgment" [Doc. 13] wherein Defendants ask this Court to rule that, as a matter of law, QBE did not act in bad faith in adjusting Plaintiff's property damage claims, did not violate Louisiana R.S. 22:1892 or 22:1973, and Plaintiffs are not entitled to any extra-contractual damages for bad faith penalties, damages, or attorney's fees.

## FACTUAL STATEMENT

Plaintiffs owned a house located at 4322 Dean Street in Sulphur, Louisiana. Doc. 15. QBE issued a policy of insurance to the plaintiffs' home bearing policy number QSN3151603. Doc. 13-1. The QBE policy contained the following coverage limits:

Dwelling - $250,000.00

Personal Property - $80,000.00

Loss of Use - $20,000.00

On August 27, 2020, Hurricane Laura caused extensive damage to the Plaintiffs' home. Following Hurricane Laura, Plaintiffs notified QBE of the damage to their home and started a claim. Doc. 13-4 p. 181. Plaintiffs gave QBE access to inspect their home on

1

September 16, 2020. Doc. 13-5 p. 183. On September 18, Plaintiffs received a letter from QBE which stated that QBE had reviewed a report from their adjuster. Doc. 13-6. Plaintiffs argue that there was no estimate or report attached for their review and that QBE failed to provide any report despite their requests. Doc. 15-1; Doc. 15-2.

On September 25, 2020, QBE made a payment of $20,000 to the Plaintiffs for their damages for loss of use of their property. On October 2, 2020, QBE made a payment of $9,800 to Plaintiffs for damages specifically related to their HVAC system. QBE argues that both payments were tendered within 30 days of receiving estimates from the Plaintiffs. Doc. 13-1 p. 2. QBE further asserts that after receiving the estimates, on October 26, 2020, QBE made a supplemental payment to the Plaintiffs in the amount of $23,912.49 for damages to their dwelling after receiving the independent adjuster's report. *Id.*

On October 27, 2020, a building consultant with Madsen, Kneppers, & Associates, performed an inspection of the Plaintiffs' property. Doc. 13-12. QBE asserts that on November 13, 2020, an email was sent to QBE from the consultant with a Hurricane Repair Cost Estimate and QBE timely tendered a payment in the amount of $49.898.61. Doc. 13-14.

On December 3, 2020, Plaintiffs' sent QBE their alleged satisfactory proof of los. Doc. 13-16. On December 7, 2020, QBE denied Plaintiffs' demand and requested that Plaintiffs complete the contents inventory sheet. Following the demand and rejection, a second inspection of the property was conducted, and a new estimate was revised. Doc. 13-19. The subsequent estimate report was in the amount of $123,910.58, an increase of $28,000.00 from the original repair estimate. Doc. 13-20. Plaintiffs argue that QBE failed

2

to timely and reasonably adjust the loss and that the estimate purported to double the Plaintiffs' deductible. Doc 13-10 p. 229.

After receiving the estimate, Plaintiffs expressed their frustration and informed QBE of the errors in the estimate. Doc. 15-2. Namely, Plaintiffs informed QBE of the following: (1) multiple rooms and closets, areas that had already been demoed by the mitigation company QBE chose, were completely omitted; (2) the measurements were erroneous; and (3) damage to the brick, including the chimney for which an estimate was already provided to QBE, was ignored. Doc 15-2; Doc. 13-10 p. 200.

Pursuant to the new revised estimate, QBE made a supplemental payment of $23,682.93 for damages to the dwelling on March 17, 2021, and an additional payment on March 24, 2021, of $3, 027.91. Doc. 13-21; Doc 13-22.

On March 19, 2021, Plaintiffs submitted to QBE their proof of loss for personal property under the QBE policy in the amount of $16,899.00. Doc 13-23. On March 24, QBE made a payment of $12,983.36.

Plaintiffs assert that QBE had sufficient information regarding the extend of their losses and continued to unreasonably refuse to pay the full benefits owed under the policy. After almost a year, Plaintiffs filed suit on March 24, 2021. Doc. 1.

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a

genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW & APPLICATION**

Plaintiffs assert claims for bad faith damages, including penalties and attorney fees, under La. R.S. 22:1892 and 22:1973. Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations underlying the reasonableness of

the insurers refusal to pay. *Marcelle v. Southern Fidelity Ins. Co.*, 954 F. Supp. 2d 429 (E.D. La. 2013). The inquiry into whether an insurer's refusal to pay is vexatious, thus warranting statutory penalties under Louisiana law is a factual issue.

Plaintiffs argue that QBE's Motion for Partial Summary Judgment is not supported by case law or the facts of the Plaintiffs' claim experience. Plaintiffs further assert that the evidence and factual statements submitted by QBE are incomplete and easily contradicted by the facts.

QBE argues that they timely adjusted and made timely payments of undisputed amounts in accordance with La. R.S. 22:1892 and 22:1973. QBE states that both statutes require QBE's conduct to be arbitrary and capricious. QBE argues that they did not act in an arbitrary and capricious manner, and they made timely payments of undisputed amounts to Plaintiffs.

La. R.S. 22:1892 subjects an insurer, when it is arbitrary and capricious in failing to tender the undisputed amount or make a written offer to settle a claim within thirty days of satisfactory proof of loss, to the mandatory imposition of penalties and attorney fees for the collection of such amount. Thus, to prevail under La. R.S. 22:1892, a claimant must establish (1) that the insurer received satisfactory proof of loss; (2) failed to pay the claim within the applicable statutory period or failed to make a written offer to settle the claim; and (3) that the failure to timely tender a reasonably amount was arbitrary, capricious, or without probable cause. *Bourg v. Safeway Insurance Company of Louisiana*, 2019-0270, (La.App. 1 Cir. 3/5/20), 300 So. 3d 881, 891.

QBE argues that they are not in violation of La. R.S. 22:1892 as this statute requires insurers to pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss. QBE further alleges that prior to receiving Plaintiffs' alleged satisfactory proof of loss, QBE made multiple timely payments of undisputed amounts owed to Plaintiffs. After receiving Plaintiffs' alleged satisfactory proof of loss on December 3, 2020, QBE asserts that they coordinated with Plaintiffs to conduct another inspection of the house to determine the amount of the loss. Doc. 13-17. QBE argues that these communications led to a subsequent inspection of the property and a subsequent timely payment.

La. R.S. 22:1973 provides that an insurer that breaches its duty of good faith is subject to penalties in an amount not to exceed two times the damages sustained, or five thousand dollars, whichever is greater. QBE argues that they owed a duty to pay the amount of undisputed claims within sixty days of receipt of satisfactory proof of loss. Doc. 13-1 p. 11. QBE argues that to breach La. R.S. 22:1973, their failure to pay must have also been arbitrary, capricious, or without probable cause. QBE asserts that they timely made all payments within thirty days and therefore did not act arbitrarily, capriciously, or without probable cause in adjusting Plaintiffs' claims. *Id.*

Plaintiffs argues that statutory penalties are appropriate and warranted in this matter because the QBE did not have a reasonable basis on which to delay payment or discontinue fair adjustment. Whether or not a refusal to pay is arbitrary, capricious, or without probable cause, as required to impose statutory penalties under Louisiana law depends on the facts known to the insurer at the time of its action. La. R.S. 22:1892(B)(1); La. R.S. 22:1973(A)

6

*Melendez v. Southern Fidelity Insurance Company*, 503 F. Supp. 3d 504 (E.D. La. 2020). Plaintiffs assert that QBE chose to ignore their complaints about the incorrect facts in the estimates. Plaintiffs argue that QBE made the decision to issue payment based on an estimate that did not address all of Plaintiffs' damages and as such, QBE breached their duty in the adjustment of Plaintiffs' claims under Louisiana Law.

The Court has reviewed the evidence submitted by both parties and finds that there is a genuine issue of material fact for trial.

## CONCLUSION

For these reasons, the Motion for Partial Summary Judgment [Doc. 13] will be **DENIED**.

Accordingly, the Motion for Hearing re 15 Motion for Partial Summary Judgment [Doc. 16] filed by Plaintiffs will also be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 24th day of January, 2022.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**